```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------x
                               :
STATE OF CONNECTICUT           :
COMMISSIONER OF LABOR,         :
                               :
     Plaintiff,                :
                               :
v.                             :   Civil No. 3:06CV01257(AWT)
                               :
AT&T CORPORATION,              :
                               :
     Defendant.                :
                               :
-------------------------------x
```

**RULING ON MOTION TO REMAND**

Plaintiff State of Connecticut Commissioner of Labor filed suit in Connecticut Superior Court claiming that defendant AT&T Corporation ("AT&T) owes wages to three former employees. AT&T removed the case to this court, and the plaintiff has moved to remand the case to state court. For the reasons set forth below, the plaintiff's motion to remand is being denied.

**I.   BACKGROUND**

The First Count of the Complaint reads in part as follows:

**FIRST COUNT - (JOHN L. SWARTZ AGAINST AT&T CORPORATION FOR UNPAID WAGES)**

    1.   The Plaintiff in this action is Patricia H. Mayfield, Commissioner of the Department of Labor, acting pursuant to her statutory authority under Conn. Gen. Stat. § 31-72, wherein said Commissioner is authorized to collect any and all unpaid wages including, but not limited to, unpaid commissions.

    . . .

>    10.   By authority of Conn. Gen. Stat. § 31-72, the
> Plaintiff hereby seeks to collect double damages, i.e.,
> $53,215.00 X 2 = $106,430.00 together with a reasonable
> attorney's fee, costs and interest from the date the
> unpaid commission should have been received from AT&T.

Complaint (Doc. No. 1). The Second Count and the Third Count set forth identical claims with respect to Everett E. Gilman and Maureen M. Gootz, respectively.

Connecticut General Statutes § 31-72 provides that:

> When an employer fails to pay an employee wages in
> accordance with the provisions of sections 31-71a to
> 31-71i, inclusive, or fails to compensate an employee
> in accordance with section 31-76k . . . such employee
> . . . may recover, in a civil action, twice the full
> amount of such wages, with costs and such reasonable
> attorney's fees as may be allowed by the court.

Conn. Gen. Stat. Ann. § 31-72 (West 2006). Section 31-72 further provides that:

> In addition, the Labor Commissioner may bring any legal
> action necessary to recover twice the full amount of
> unpaid wages . . . and the employer shall be required to
> pay the costs and such reasonable attorney's fees as may
> be allowed by the court. The commissioner shall
> distribute any wages . . . collected pursuant to this
> section to the appropriate person.

Id.

The defendant removed this action to this court on the basis of diversity jurisdiction. In moving to remand the proceedings to state court, the plaintiff argues that the State of Connecticut is the real party in interest and that because the state is not a citizen for diversity purposes there is no diversity jurisdiction. In the alternative, the plaintiff asks

the court to abstain from exercising jurisdiction over this litigation.

**II.   DISCUSSION**

   **A.   There is Complete Diversity Because Swartz, Gilman and Gootz are the Real Parties In Interest**

It is undisputed that "'a state cannot, in the nature of things, be a citizen of any State,'" and consequently, "to the extent that Connecticut is suing in its sovereign capacity, its claim cannot be brought within the diversity jurisdiction of a district court." Connecticut v. Levi Strauss, 471 F. Supp. 363, 370 (D. Conn. 1979) (quoting Stone v. South Carolina, 117 U.S. 430, 433 (1886)).

In Levi Strauss, the court explained the consequences of the State of Connecticut bringing suit as Parens patriae for the benefit of all its citizens as opposed to bringing suit as Parens patriae for a particular subgroup of its citizens:

> If Connecticut were suing as Parens patriae for the benefit of all of its citizens, its capacity would be essentially sovereign, and it would not be a citizen for diversity purposes. But it has long been recognized that a state can act as Parens patriae for a circumscribed group of its citizens. Indeed, states seeking to invoke the original jurisdiction of the Supreme Court in their capacities as sovereigns have been rebuffed whenever it appeared that their real claim was being brought only on behalf of particular citizens. Presumably, a state's role in suing on behalf of particular citizens sufficiently dispenses with its sovereign capacity not only to bar access to the Supreme Court's original jurisdiction but also to gain access to the district courts' diversity jurisdiction (assuming diverse citizenship of the defendant and jurisdictional amount).

<u>Levi Strauss</u>, 471 F. Supp. at 370-71 (citations omitted).

Thus, in <u>Levi Strauss</u>, where the state brought an antitrust suit against a clothing manufacturer, the court concluded that, "[w]hen Connecticut claims refunds to be distributed to identifiable purchasers, the citizen status of the purchasers rather than the sovereign status of their benefactor controls for diversity purposes." The analysis in <u>Levi Strauss</u> was followed by the court in <u>Butler v. Cadbury Beverages, Inc.</u>, No. 3:97-cv-2241 (EBB), 1998 WL 422863 (D. Conn. July 1, 1998), which is directly on point. There the plaintiff, who was the State of Connecticut Commissioner of Labor, brought suit seeking to recover damages for a single individual, which damages were to be distributed to that individual. The court held that "the citizen status of that individual controls for diversity purposes. The plain face of the Complaint mandates such a holding. No relief is requested that would inure to any other person . . . ." <u>Id</u>. at *2.

Here, paragraph 10 of each of Counts One, Two and Three of the Complaint reflects in clear and unambiguous terms that the plaintiff is seeking to collect unpaid wages[1] plus attorney's fees, costs and interest, and Conn. Gen. Stat. § 31-72 makes it

---

[1] "'Wages' means compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Conn. Gen. Stat. Ann. § 31-71a(3) (West 2006).

4

clear that the plaintiff shall distribute any wages collected in this action to Swartz, Gilman or Gootz, as the case may be. There is no claim where the State of Connecticut Commissioner of Labor could be viewed as suing as Parens patriae for the benefit of all its citizens.  Therefore, in this case, the State of Connecticut is acting as Parens patriae for a circumscribed group of its citizens, and the citizen status of those individual citizens rather than the sovereign status of the state, controls for diversity purposes.  Because John L. Swartz, Everett E. Gilman and Maureen M. Gootz are all diverse from defendant AT&T and it is not disputed that the $75,000.00 threshold is met, diversity jurisdiction exists here.  See 28 U.S.C.A. § 1332(a) (West 2006).

     The plaintiff argues that the State of Connecticut Commissioner of Labor is a real party in interest by virtue of the fact that Conn. Gen. Stat. § 31-72 is a tool of public policy and the State of Connecticut has a real interest in the enforcement of its wage and hour laws.  Such an argument is fundamentally at odds with the analysis in Levi Strauss in that it would eliminate the well-recognized distinction between the situation where the state is suing as Parens patriae for the benefit of all its citizens and that where it is acting as Parens patriae for a circumscribed group of its citizens.  Therefore, the court finds this argument is unpersuasive.

5

**B.      Abstention**

The plaintiff filed this motion on September 7, 2006.  In addition to arguing that the State of Connecticut is the real party in interest, the plaintiff argues that the court should abstain and remand this case to state court because this case is a "state enforcement action."  Plaintiff's Memorandum (Doc. No. 13) at 2.  The defendant addressed that argument in its opposition memorandum (Doc. No. 16), which was filed on September 27, 2006.  In the interim, however, the defendant moved to dismiss the Complaint on September 18, 2006, arguing that notwithstanding the provisions of Conn. Gen. Stat. 31-71d(b), this case should be dismissed because each of Swartz, Gilman and Gootz signed a general release and waiver of all claims against the defendant related to their employment.  In its reply memorandum, filed October 13, 2006, the plaintiff argues, based on the defendant's motion to dismiss, that the court should abstain because it is confronted with a novel issue of Connecticut state law.  This argument is one that the defendant has not had an opportunity to address, therefore the request that the court abstain from exercising jurisdiction over this case is being denied without prejudice.

**III. CONCLUSION**

For the reasons discussed above, the plaintiff's Motion to Remand to State Court (Doc. No. 13) is hereby DENIED.

6

It is so ordered.

Dated this 16th day of November 2006 at Hartford, Connecticut.

>                    /s/
>           Alvin W. Thompson
>      United States District Judge